UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE LITTLE and DONNA LITTLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ACCENT CONSERVATORY AND ) <br> SUNROOM DESIGNS, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 10cv2490 L(JMA) <br><br> **ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT [doc. #5] and GRANTING LEAVE TO AMEND** |

Defendant Wells Fargo Bank moves to dismiss plaintiffs' first amended complaint. The motion has been fully briefed and the Court finds this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**A.     Background**

On September 22, 2008, plaintiffs borrowed $271,999.01 from Wells Fargo to refinance their home, to take cash from the equity in their home and to pay for an addition to their home to be completed by defendants Kimkorp, Inc. and Accent Conservatory and Sunroom Designs. As part of the loan closing, plaintiffs authorized Wells Fargo to distribute $62,212.00 to defendant Accent and $13,900.00 to defendant Kimkorp,

Plaintiffs filed this action in the Superior Court for the State of California, County of San Diego, on July 13, 2010. Thereafter, plaintiffs filed a first amended complaint and Wells Fargo removed this action on the basis of federal question jurisdiction. In their FAC, plaintiffs assert

causes of action for breach of contract, negligence, rescission, and violation of the Home Ownership and Equity Protection Act, HOEPA, 15 U.S.C. § 1600 *et seq*. The sole claim directed to defendant Wells Fargo is the HOEPA claim.

**B.     Legal Standard for Motion to Dismiss**

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir .1988). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft v. Iqbal* 129 S. Ct 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(A complaint cannot survive a motion to dismiss unless it provides "sufficient factual matter, . . . to 'state a claim to relief that is plausible on its face.'"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

/ / /

/ / /

C. **Discussion**

    1. **HOEPA Claim**

In their complaint, plaintiffs seek damages and rescission under HOEPA based upon Wells Fargo's alleged wrongful disbursement of funds to defendants Kunz and Accent. Specifically, plaintiffs contend Wells Fargo violated 15 U.S.C. § 1639(i) by fully paying the co-defendants prior to completion of work and without an instrument that was payable to the consumer or jointly to the consumer and the contractor:

> A creditor shall not make a payment to a contractor under a home improvement contract from amounts extended as credit under a mortgage referred to in section 1602(aa) of this title, other than--
> (1) in the form of an instrument that is payable to the consumer or jointly to the consumer and the contractor; or
> (2) at the election of the consumer, by a third party escrow agent in accordance with terms established in a written agreement signed by the consumer, the creditor, and the contractor before the date of payment.

15 U.S.C. § 1639(i).

In their FAC, plaintiffs allege that on September 26, 2008, Wells Fargo "directly distributed, without the written authorization from the Plaintiffs, the sum of $62,212 to Defendant **KUNZ** and **ACCENT** and the sum of $13,9000 to **KIMKORP** pursuant to the terms of the aforementioned written contracts between Plaintiffs and **ACCENT** and **KIMKORP**." (FAC at 3, ¶14.) Wells Fargo contends that it was directed to distribute the funds to Kunz and Accent under the loan agreement, HUD-1 Settlement Statement, signed by plaintiffs. (Exh. C to FAC.)

As noted above, plaintiffs seek both damages and rescission under HOEPA. Claims under HOEPA are governed by the same statute of limitations as are claims under TILA. For claims seeking damages, the limitation period is one year. A borrower initially has three days following the consummation of the transaction or the delivery of the disclosure forms required under § 1635 to notify the creditor of his intent to rescind. 15 U.S.C. § 1635(a). But if the creditor either fails to provide notice of the borrower's right of rescission, or fails to make a material disclosure, the three-day period is extended to three years. *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1163 (9th Cir.2002) (citing 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3)).

Here, plaintiffs allege that Wells Fargo did not provide them with adequate HOEPA disclosures "by failing to advise the Plaintiffs [prior] to making the loan that they intended to disregard the legal requirements under 15 U.S.C. § 1639(i) and pay the Defendant supplier and contractor directly before the work contracted for was completed . . . ." (Opp. at 6.) The alleged failure to provide plaintiffs with this disclosure occurred at the signing of the loan in September 2008, or at the latest on September 26, 2008, when the distribution of funds to the codefendants occurred. Plaintiffs filed the complaint on July 13, 2010, well past the one-year limitations period.

"[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures." *King v. California*, 784 F.2d 910, 915 (9th Cir.1986). Although the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir.1995), dismissal may be appropriate when a plaintiff fails to allege facts suggesting that he did not have a reasonable opportunity to discover the violation. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902–03 (9th Cir.2003).

1Here, plaintiffs have not alleged facts suggesting that they did not have a reasonable opportunity to discover the HOEPA violation. Accordingly, plaintiffs' HOEPA claim seeking damages is time barred and must be dismissed with prejudice.

Assuming that plaintiffs' HOEPA rescission claim is timely, *i.e.,* that it was brought within three years of the closing transaction, defendants argue that plaintiffs have failed to tender the full amount of the loan. The Ninth Circuit has held that rescission under TILA "should be conditioned on repayment of the amounts advanced by the lender." *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1170 (9th Cir.2003). District courts in this circuit have dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to allege an ability to tender loan proceeds. *See, e.g., Garza v. Am. Home Mortgage*, 2009 WL 188604 at *5(E.D. Cal. 2009) (stating that "rescission is an empty remedy without [the borrower's] ability to pay back what she has received"); *Ibarra v. Plaza Home Mortgage*, 2009 WL 2901637 at *8 (S.D.

Cal.2009); *Ing Bank v. Korn*, 2009 WL 1455488 at *1 (W.D. Wash.2009).

Plaintiffs contend that they have made a clear statement of their intent and ability to tender:

> Furthermore, Plaintiffs hereby tender the personal property purchased under the contracts paid by Defendant **WELLS** with **KIMKORP** and **KUNZ/ACCENT** and the remaining balance due on the loan less the cost of the loan, all of the payments, the return of personal property, and other credits to which they are entitled to pursuant to regulations under HOEPA.

(FAC at ¶ 45.)

In order to rescind the loan, plaintiffs must allege the ability to tender the loan proceeds, *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003), and are not permitted to offer to tender a portion of the loan balance, *i.e.,* they may not offset the cost of the loan and the amounts paid to the contractors. *Lal v. American Home Servicing Inc.*, 680 F. Supp.2d 1218, 1222-1223 (E.D. Cal. 2010); *see also Nichols v. Greenpoint Mort. Funding Inc.,*, 2008 WL 3891126, *5 (C.D. Cal., Aug. 19, 2008)(rescission "is a means to return the parties to the status quo ante, as if the loan never existed.").

Further, in their opposition brief, they state that they "have the financial ability to borrow the money to tender as described above and are prepared to do so." (Opp. at 5.) Such a statement is conditional at best because it is solely premised on their ability to secure refinancing. *Lal*, 680 F.3d at 1222.

Because plaintiffs have not made an offer of complete tender, they may not seek rescission of the loan. Accordingly, Wells Fargo's motion to dismiss plaintiffs' rescission claim will be granted.

In general, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. FED. R. CIV. P. 15(a). Here, plaintiffs may be able to allege the ability to offer complete tender and therefore, will be given an opportunity to file a second amended complaint. But plaintiffs' are advised that "Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence." *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638-39 (9th Cir. 2010).  Under Rule 11,

> the attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law. One of the fundamental purposes of Rule 11 is to reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation.

*Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quotation and citations omitted).

### 2. UCL Claim

As Wells Fargo correctly notes, plaintiffs have not alleged a claim under California's Unfair Competition Law, Business and Professions Code § 17200. New allegations contained in plaintiffs' response will not be considered. *See Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Plaintiffs' claims are limited to those contained within the Complaint. The Court therefore will not consider whether plaintiffs have stated an UCL claim.

### D. Conclusion

Based on the foregoing, **IT IS ORDERED** defendant Wells Fargo's motion to dismiss the Complaint is **GRANTED**. If plaintiffs intend to file a second amended complaint, they must file it in conformity with this Order on or before June 21, 2011.

**IT IS SO ORDERED.**

DATED: June 7, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL